1997 OK 153

### STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### Robert D. JONES, Respondent.

### SCBD No. 4307.

Supreme Court of Oklahoma.

Dec. 19, 1997.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS, AND IMPOSING COSTS

¶1 Upon consideration of the Oklahoma Bar Association's (OBA or complainant) application for an order approving the resignation of Robert D. Jones pending disciplinary proceedings, this Court finds as follows. On November 18, 1997, Robert D. Jones submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. Jones' affidavit of resignation reflects: (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting his resignation.

¶2 Jones states in his affidavit of resignation that he is aware that the following grievances are pending against him and are under investigation. A grievance was filed on September 23, 1997, alleging that Jones took an excessive fee and rendered incompetent and neglectful representation in a worker's compensation case. On September 8, 1997, another grievance was filed against Jones alleging that he had abandoned his client in a worker's compensation case.

¶3 Jones states that he is also aware of the current proceeding pending against him and knows of the allegations on which the complaint rests. On September 26, 1997, a formal complaint was filed in the present case. The complaint alleges sixteen counts of misconduct.

¶4 In four of the count, the complainant contends that Jones received funds to pay for medical narrative reports and indicated on the settlement sheets that he had paid for the reports. Moreover, Jones did not pay the medical provider for the reports. In one of these four counts, the complainant also claims that Jones entered into a contingent fee agreement in a criminal matter. He then failed to refund part of the retainer as he had agreed to do if he lost the case.

¶5 In ten of the counts, the complainant states that after accepting a retainer or agreeing to representation, Jones abandoned his clients without notice to the clients, without properly withdrawing from representation, and, where applicable, without giving an accounting of the clients' funds. In count three, it is alleged that Jones allowed a case to be dismissed without prejudice and failed to refile it within the statute of limitations. Count four states that Jones incorrectly listed the amount owed a creditor and failed to file a payment plan. As a result of Jones' neglect, the case was dismissed.

¶6 The complainant alleges that Jones accepted an insurance check with notice of a medical provider's lien. Thereafter, he wrote the medical provider a check on his trust account. The check was returned for insufficient funds. In another incident, Jones filed a lawsuit against the wrong party and failed to communicate with his client. On another occasion, Jones was retained to represent two clients which were injured in an automobile accident. Jones filed a suit on behalf of one client but failed to include the other client in the suit or any other suit. In another matter, Jones, after losing in the trial court, filed a petition in error. However, the appeal was dismissed because Jones failed to file an appellate brief.

¶7 In eleven of the counts, the complainant notified Jones of the grievances and requested a written response. Jones failed to provide the responses in violation of Rule 5.2 of the Rules Governing Disciplinary Proceedings (RGDP). Further, Jones was personally served with a subpoena requiring him to appear in response to nine of the grievance. Jones failed to appear as required by the subpoena.

¶8 As a result of these incidents of alleged misconduct, the complainant avers that Jones neglected clients' matters and abandoned clients without providing accountings, without properly withdrawing from pending cases, and without communicating with his clients about the status of their cases. Further allegations are that Jones failed to properly safeguard clients' fund and converted the funds to his own use. The complainant also contends that Jones violated the rule against entering into a contingent fee agreement in a criminal matter. The complainant

postulates that Jones' conduct violates rules 1.1, 1.3, 1.4, 1.5, 1.15, and 1.16(d) of the ORPC. The complainant also asserts that Jones violated rules 5.2 of the RGDP and 8.1(b), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC) by failing to respond to the complainant's requests for information and failing to appear after being subpoenaed.

¶9 The Court finds that Jones' resignation complies with Rule 8 of the RGDP. Jones is aware that he shall only be permitted to apply for reinstatement after the lapse of five years and, as a condition of reinstatement, must comply with Rule 11 of the RGDP. The complainant has filed an application to assess costs in the amount of $1,550.27, and Jones agreed to pay the costs.

¶10 It is therefore ordered that Robert David Jones name be stricken from the roll of attorneys. Pursuant to Rule 9.1 of the RGDP, Jones shall notify all of his clients having legal business pending within twenty days, by certified mail, of his inability to represent them and the necessity for promptly retaining new counsel. Jones is also ordered to pay $1,550.27 for the costs of the proceedings. Reinstatement is conditioned on Jones repayment to the Client Security Fund of any monies expended because of his malfeasance or nonfeasance.